NOT FOR PUBLICATION                                                                                           CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE IRIS KASSIN, | |
| Plaintiff, | Civil Action No. 11-01482 (JAP) |
| v. | **OPINION** |
| THE UNITED STATES POSTAL SERVICE, et al., | |
| Defendants. | |

PISANO, District Judge.

This is an action brought by Elaine Iris Kassin against the United States Postal Service (the "Postal Service"); John Potter, Postmaster General; and the Attorney General of the United States (collectively, "Defendants"). Presently before the Court is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 8(a) by the Defendants. Plaintiff opposes the Motion. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons below, this case is dismissed with prejudice.

**I.      Factual Background**

Plaintiff Elaine Iris Kassin filed the instant Complaint on March 16, 2011. In it, she alleged "wrongful termination by the USPS as a result of whistleblowing and firsthand knowledge of business practices which violate the terms of federal operation regulations set forth by the Office of the Inspector General ("OIG") and the United States Government." Compl. 3. The Complaint also makes clear that Plaintiff was not an employee of the Postal Service, but rather of "Federal Contracts Consultants, Inc.," which had a contract with that agency. Kassin

states that she was employed from January 11, 2010 until April 15, 2010, when she was apparently terminated from her position "in the contract support area of the IT services support department." *Id.* at 7.

Kassin alleges that the purchasing and contracting practices of the Postal Service are riddled with unfair preferential treatment and incompetence, which result in wasteful government spending. She also refers to "wrong-doing and corruption as it relates to OSHA, labor regulations, contract fraud, favoritism, nepotism and other issues." *Id.* at 6. The Complaint alleges "maltreatment" of employees and contractors, and suggests that her termination was a form of retaliation for her knowledge of the alleged practices. Kassin seeks "$100 million dollars in punitive damages for being subjected to the above acts of federal regulation and labor regulation violations and being wrongfully terminated for an act of 'whistleblowing.'" *Id.* at 28. In addition, Kassin's Complaint seeks an end to all the alleged unfair practices and violations, "removal" of the President of Federal Contracts Consultants (her former employer), and a letter of apology from a USPS employee. *Id.* at 30.

## II.     Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal

citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007).  More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In determining the sufficiency of a *pro se* complaint, the Court must construe it liberally in favor of the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  A *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) (complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 453 (3d Cir. 1996).

Kassin's Complaint poses the opposite problem for this Court than that addressed by the Supreme Court in *Twombly* and *Iqbal*; it recites factual allegations, but fails to identify any legal cause of action.  The Plaintiff is not required to cite law in her Complaint, and this Court is

mindful that it must construe *pro se* complaints liberally. However, the Court is unable to construct a legal claim to match the facts she alleges. As the Government notes in its Motion to Dismiss, Kassin's allegations do not fall under the Whistleblower Protection Act, 5 U.S.C. § 2302, because she was not a federal employee, and because that Act does not apply to the Postal Service. Even if Kassin had sued her actual employer, she has not pled sufficient facts showing any kind of wrongful termination. Rather, she has essentially stated the dates of her employment, along with her suspicion that her termination was due to her knowledge of certain government practices.

The most detailed allegations in Kassin's Complaint relate to what she believes to be inefficient and unfair Postal Service contracting practices. However, the Court cannot manufacture a fitting legal cause of action. It is also extremely unlikely that the Plaintiff would have standing to bring such a claim if it existed, as she cannot allege any personalized harm arising from her allegations. Insofar as she would have standing to bring claims related to her own employment, her allegations fail to state a claim for the reasons stated above.[1]

### III.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a court may grant a motion to dismiss if it lacks subject matter jurisdiction over the complaint. The Defendants' Motion to Dismiss notes that the Plaintiff has failed to identify any waiver of sovereign immunity that would give the Court subject matter jurisdiction over her Complaint. Indeed, it is necessary for the Plaintiff to state a legal claim in order for the Court to identify any potential waiver of sovereign immunity that may correspond to the claim. As described above, the Plaintiff has failed to do so. Thus, lack of subject matter jurisdiction provides further grounds for granting this Motion to Dismiss.

---

[1] The Court further notes that it can discern no relation whatsoever between Plaintiff's allegations and the Attorney General of the United States, who is one of the named Defendants.

### IV. Conclusion

Where a complaint can be remedied by an amendment, a district court must dismiss it without prejudice, allowing the plaintiff time to amend.  *Denton*, 504 U.S. at 34; *Alston*, 363 F.3d 229.  However, there is no conceivable circumstance in which the experiences cited by this Plaintiff allow her a cause of action against these Defendants.  Therefore, the Court finds that allowing the Plaintiff to amend her Complaint would be futile, and this case is dismissed with prejudice.  An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated:  November 30, 2011